

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,035-01

### EX PARTE JAMES RENFRO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013-437,890-A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion. KEEL, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

## O P I N I O N

Applicant pleaded guilty to continuous sexual abuse of a child and was sentenced to thirty years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because he had an incorrect understanding of the plea bargain, specifically as it pertained to the applicable punishment range and parole consequences of his plea. In support, Applicant argues that the trial court erroneously admonished him during the plea hearing as to the punishment range for the offense and to his parole eligibility.

Applicant also argues that trial counsel was ineffective for (1) erroneously advising him as to the punishment range and his parole eligibility, and (2) failing to correct the trial court's erroneous admonishments during the plea hearing. The trial court made findings of fact and conclusions of law and recommends that relief be denied based on laches or, alternatively, on the merits. We disagree. We do not believe that laches should bar relief in this particular case because the record shows that Applicant's guilty plea was involuntary.

Trial counsel filed an affidavit alleging he accurately advised Applicant regarding the parole consequences of pleading guilty. Applicant alleges that, at the time he entered his guilty plea, he incorrectly believed that he was pleading to a thirty-year sentence with the possibility of parole after serving fifteen years when in reality that he was pleading to a thirty-year sentence that had to be served day-for-day. The transcript from the plea hearing supports Applicant's, not trial counsel's, allegations. It shows that the trial court affirmatively misadvised Applicant that he would be eligible for parole after serving half of his sentence when he was in fact ineligible for parole, that Applicant confirmed that this was his understanding, and that trial counsel (as well as the State) not only failed to correct the trial court's erroneous admonishment but affirmed its accuracy. Applicant credibly asserts that the difference between his understanding and reality regarding his parole eligibility was a "deal breaker"; He would have exercised his right to a jury trial had he been advised and admonished correctly about parole.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 2013-437,890 in the 140th District Court of Lubbock County is set aside, and Applicant is remanded to the custody of the Sheriff of Lubbock County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of

this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: NOVEMBER 01, 2023
Do not publish